IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| JEREMY RASKIEWICZ, | Cause No. CV-08-077-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| UNITED STATES OF AMERICA, | |
| Defendant | |

_____

This matter comes before the Court on Plaintiff's Complaint (Document 2) and Amended Complaint (Document 12) alleging that the United States of America does not enforce the United States Constitution.  On June 2, 2008, the Court issued an Order permitting Plaintiff to file an Amended Complaint in order to clarify his claims and name a proper defendant.  (Document 7). Plaintiff filed an Amended Complaint on June 30, 2008. (Document 12).  Accordingly, the Court will now complete the prescreening process pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

The only Defendants named in Plaintiff's Amended Complaint are the United States of

America and the President/Commander in Chief.  As set forth in the Court's prior Order, this Court does not have jurisdiction over Plaintiff's claims against the United States if the suit was filed before completion of the administrative review process.  See 28 U.S.C. § 2401(b); McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  Plaintiff was specifically instructed in the Court's prior Order that he had to provide information regarding whether he completed compliance with the FTCA's exhaustion requirements.  Plaintiff made no indication in his Amended Complaint that he had completed the Federal Tort Claim process in order to bring suit against the United States.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims against the United States of America.

The only other Defendant listed by Plaintiff is the United States President and Commander in Chief.  However, the United States Supreme Court has made clear that a president of the United States is entitled to absolute immunity from damages liability predicated on his official acts. *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).

Plaintiff was given an opportunity to amend his Complaint and name additional defendants and he did not do so.  Accordingly, his Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court is going to designate this case as a "strike" under this provision because Plaintiff's allegations are frivolous as stated against the United States of America.  For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised

in this matter are frivolous.

Based upon the foregoing, the Court makes the following:

### RECOMMENDATION

1.  Plaintiff's Complaint (Document 2) and Amended Complaint (Document 12) should be **DISMISSED.**

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Thereafter, a district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this <u>3rd</u> day of July, 2008.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-077-M-DWM-JCL / PAGE 3